

# NUMBER 13-08-00231-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JEROME WENDALL ELLIS,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Jerome Wendall Ellis, was indicted for the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (Vernon 2003). Appellant pleaded guilty pursuant to an agreement with the State. The trial court deferred adjudication and placed appellant on community supervision for a period of five years. The State filed a motion to adjudicate guilt alleging that appellant had violated four conditions

of his community supervision by, among other things, committing the offense of indecency with a child by contact. *See id.* § 21.11(a)(1) (Vernon 2003). After a hearing, the trial court determined that appellant violated the terms of his community supervision, found appellant guilty of burglary of a habitation, and sentenced appellant to sixteen years' confinement in the Texas Department of Criminal Justice-Institutional Division. This appeal ensued.

Concluding there are no arguable grounds for an appeal, appellant's counsel filed an *Anders* brief. We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Appellant's court-appointed counsel filed a brief in which he has concluded the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders. See id*. at 744-45; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are the only possible errors in the record that might arguably support an appeal, including the following: (1) whether the evidence supporting revocation was sufficient; (2) whether the trial court failed to consider mitigating evidence at the punishment hearing; (3) whether the sentence imposed was constitutional; and (4) whether trial counsel provided ineffective assistance. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

In compliance with *High*, 573 S.W.2d at 813, appellant's counsel has discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) forwarded a copy of the brief and his motion to withdraw to appellant, and (3) informed appellant of his right to review the record and to file a pro se

2

response within thirty days.[1]  *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *see also In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).  More than an adequate period of time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.2d at 409.

## II.  INDEPENDENT REVIEW OF RECORD

The Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous."  *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.).  Accordingly, we have carefully reviewed the entire record and counsel's brief and have found nothing arguably supporting an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509.  We agree with counsel that the appeal is wholly frivolous.  *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").  We affirm the trial court's judgment.

## IV.  CONCLUSION

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for th court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

must withdraw from representing tej appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). Counsels' motion to withdraw as appellate counsel was carried with the case on October 22, 2008. *See Anders*, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 30th day of April, 2009.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.